UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-5 (L)
(11:cv630 AJT/TCB)

| | |
|---|---|
| RICKY JOVAN GRAY, | ) |
| | ) |
| Petitioner-Appellant | ) |
| | ) |
| v. | ) |
| | ) |
| DAVID ZOOK, | ) |
| Warden, Sussex I State Prison | ) |
| | ) |
| Respondent | ) |

## PETITION FOR REHEARING

NOW COMES the Petitioner, Ricky Jovan Gray, pursuant to Federal Rules of Appellate Procedure 35 and 40, and moves this Court to rehear his claim pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), or, in the alternative, to grant rehearing *en banc*, because the panel's decision conflicts with the prior decisions of this Court. In sum, the panel contorted "fair presentation" law to mean that claims implicitly raised in state court may be heard in federal habeas.

This Court has held that "fair presentation [of a claim to the state court] contemplates that 'both the operative facts' and the 'controlling legal principles' must be presented to the state court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) (citation omitted). The claim must "be presented face-up and

1

squarely…Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Put differently, a petitioner must "do more than scatter some makeshift needles in the haystack of the state court record." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir.1994) (citation omitted). Here, the panel found Gray's *Martinez* claim was fairly presented in state court based on a single factual allegation in an expert's affidavit, and, according to the panel, "what was implicit elsewhere in the state habeas petition." Docket 114 at 32-33. This is flatly contrary to circuit precedent.

The panel also applied *Winston v. Kelly*, 592 F.3d 535 (4th Cir. 2010), in a way that brings that case into conflict with the precedent described above. The proper reading of *Winston* is that a claim remains exhausted even if a petitioner presents additional evidence supporting a *fact* that was already alleged and sufficiently supported in state court. 592 F.3d at 550-51. Here, there are numerous facts necessary to support the claim Gray has raised in federal court that were never alleged, let alone supported, in state court.

The panel dismissed these new facts because "the heart of the claim remains the same." Docket 114 at 34. But this reasoning conflicts with the Court's decisions that when federal petitioners plead additional allegations of trial counsel's deficiency, the claim is new and therefore unexhausted. *See Moses v. Branker*, No. 06-8, 2007 WL 3083548, at *3 (unpublished) (4th Cir. Oct. 23, 2007)

2

(additional instances of trial counsel's failure to perform an adequate mitigation investigation were "fundamentally different" from those raised in state court and therefore unexhausted); *Graham v. Angelone*, 191 F.3d 447, at *12 (4th Cir. 1999) (unpublished) (finding federal claim that trial counsel failed to interview a witness different than state court claim that counsel failed to "make inquiry of" and effectively cross-examine that witness); *Gilliam v. Simms*, 133 F.3d 914, at *6 (4th Cir. 1998) (unpublished) (finding several diverse instances of sentencing phase ineffectiveness defaulted because they were presented for the first time in federal court or "considered on different facts by the state courts, [but] based upon affidavits never presented to the state courts").

Based on the foregoing, Petitioner-Appellant respectfully requests that this Court grant rehearing and suggests that a rehearing be held by the Court *en banc*.

Submitted, this the 9th day of December 2015.

/s/Elizabeth Hambourger
Elizabeth Hambourger
NC State Bar No. 27868
elizabeth@cdpl.org

/s/David Weiss
David Weiss
NC State Bar No. 35647
dcweiss@cdpl.org

Center for Death Penalty Litigation
123 W. Main Street, Suite 700
Durham, NC  27701
919-956-9545

3

## NOTICE OF ELECTRONIC FILING/SERVICE

      I HEREBY CERTIFY THAT on December 9, 2015, the foregoing Petition for Rehearing was filed with the Clerk of the Court using the CM/ECF filing system which will send notification of such filing to Warden's counsel, Matthew P. Dullaghan, Senior Assistant Attorney General, Office of the Attorney General of Virginia, 900 East Main Street, Richmond, VA 23819 at MDullaghan@oag.state.va.us.

                                      /s/ Elizabeth Hambourger
                                      Counsel for Petitioner